848 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven Dale OAKLEY, Plaintiff-Appellant
v.
Otis R. BOWEN, Secretary, Department of Health & Human
Services, Defendant- Appellee
 No. 87-5942.
 United States Court of Appeals, Sixth Circuit.
 June 7, 1988.
 
 Before MERRITT and BOGGS, Circuit Judges, and BARBARA K. HACKETT,* District Judge.
 PER CURIAM.
 
 
 1
 This Social Security claimant appeals the decision of the Secretary denying him disability benefits for the period of time following April 12, 1982, when he first injured his back. The decision of the Administrative Law Judge was adopted by the Appeals Council, and was in turn affirmed by the Magistrate and District Court below as supported by substantial evidence. For the reasons that follow, we affirm.
 
 
 2
 Oakley injured his back at work on April 12, 1982. In the weeks and months that followed, he engaged in no substantial gainful activity. R. 10. He went to a series of doctors who at first were unclear what his problem was but eventually, by November of that year, determined that he had a herniated L4-5 disc. He underwent surgery in January 1983. The record further reflects that in November 1983, he reported continuing problems that culminated in a diagnosis of further disc disease and in additional surgery in February 1984. At this second operation, pathology was discovered that reflected chronic inflammatory changes which provide objective support for his claim of continuing disabling pain between the first and second operations. R. 147-48. In June 1984, Dr. Cacdac, the surgeon who performed the second operation, reported that Oakley should be able to return to available light work.
 
 
 3
 The ALJ concluded that Dr. Cacdac's letter provided evidence that Oakley was not disabled. Claimant attacks this conclusion as unsupported by substantial evidence because the ALJ did not explicitly discuss Oakley's dependence upon narcotic painkillers or any resultant effects these drugs might have upon his coordination or concentration. We do not think that the ALJ's opinion in this respect is unsupported by substantial evidence. The ALJ heard testimony directly from Oakley about the painkillers. Several of Oakley's doctors noted claimant's dependence on these drugs and were working toward reducing his dosage. Dr. Cacdac certainly was aware of the painkillers and nevertheless concluded Oakley would be able to return to light work; the ALJ relied on Dr. Cacdac's opinion. There was substantial evidence to support a conclusion by the ALJ that whatever problems remained by the date of Dr. Cacdac's letter were remediable by weaning Oakley from the painkillers and would not produce disability in the future lasting more than 12 months.
 
 
 4
 Oakley also challenges the ALJ's determination that there was no period of continuous disability in the past that lasted for 12 months or longer. We disagree. There is no evidence in the record that Oakley sought medical care between January 1983, when his first surgery was performed, and November 1983, when he renewed his complaints. Plaintiff has the burden to establish his disability. We conclude that the inference drawn by the ALJ that Oakley recovered as expected from the first operation is a fair one and supported by substantial evidence.
 
 
 5
 Oakley finally argues that the District Court erred in failing to remand the case back to the Secretary to consider the "new evidence" that he had qualified for disability under Kentucky workers' compensation. We agree with the Secretary that the District Court did not abuse its discretion under 42 U.S.C. Sec. 405(g).
 
 
 6
 The judgment of the District Court is affirmed.
 
 
 7
 MERRITT, Circuit Judge, dissenting in part.
 
 
 8
 I dissent from the majority view on the past disability issue. The ALJ stated that Oakley was not "precluded from engaging in a wide range of light work activity for any period of 12 full months." R. 13. However, the record shows clearly that from the time of the original injury through the conclusion of his convalescence from the second operation, claimant suffered from significant pain that arose from chronic and well-documented physical injuries which necessitated prescription of several narcotic painkillers and two major operations before Dr. Cacdac finally pronounced him mostly recovered in the June 27, 1984 letter. There is no evidence in the record to the contrary with respect to this period of time; Dr. Cacdac's operative findings and the prescription of painkillers by all of Oakley's physicians more than satisfy the requirements of 42 U.S.C. Sec. 423(d)(5)(A).
 
 
 9
 I would affirm the judgment of the District Court in part and reverse in part, and remand the case with instructions to the Secretary to award benefits for the period April 12, 1982 to June 27, 1984.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation